CHERRY *vs.* SINGLETON.

That a security has paid a part of the amount due on a *fi. fa* , does not give him the right to control the same so as to reimburse himself.   His rights are secondary to those of the holder of the *fi. fa.*, and in order to control it without the consent of the latter, he must comply with the requirements of section 2155 of the Code.

(*a*.) Nor does the fact that a transferree, who had bought property from the principal debtor, has purchased the *fi. fa.* to protect such property, authorize equitable relief.

Principal and security.   Equity.   Executions.   Subrogation.   Before Judge Simmons.   Bibb Superior Court. October Adjourned Term, 1879.

Reported in the decision.

R. K. HINES; WHITTLE & WHITTLE, for plaintiff in error.

LANIER & ANDERSON, for defendant.

CRAWFORD, Justice.

Wm. R. Singleton, the defendant in this bill, in the year 1875, bought a *fi. fa.* against Job H. Cherry, principal, and Wm. A. Cherry, security, which had been issued in March, 1868. Wm. A. Cherry, the security, had paid for his principal on this *fi. fa.* the sum of $302.50. Claiming the right to reimburse himself, he procured George F. Cherry, the sheriff, to levy *Singleton's fi. fa.* upon a house and lot of *Singleton,* upon the ground that Job H. Cherry was the owner thereof in 1867, when the judgment was obtained.

Singleton filed an affidavit of illegality to that proceeding by Wm. A. Cherry, and Cherry thereupon filed this bill against Singleton. He sets forth that in November, 1867, the date of the judgment, his principal owned this property; that he sold it to Singleton in 1874; that the plaintiff in the *fi. fa.* being about to press the same, he procured one Collins to buy it, and to whom he paid the sum above stated; that in 1875 Singleton bought the *fi. fa.* from Collins, paying him the principal and interest due thereon, less the amount before that time paid by himself as the security, which amount was then, and still is, legally due and unpaid. It was to collect this amount that he ordered the sheriff to levy upon the house and lot, as in law he had a right to do. The said levy having been stopped by illegality, and Job H. Cherry being insolvent, he files this bill to subject the said house and lot to the payment of the said *fi. fa.*, and out of the proceeds thereof to return to himself the amount which he has paid, with interest thereon from the time of its payment. And to that end prays a decree, as well as that the said Singleton be perpetually enjoined from trading

the said *fi. fa.*, or keeping the same open, or using it against him, and that the same be canceled as to him.

By amendment to the bill, it is alleged that this house and lot had been levied upon when defendant bought it by the owner of the *fi. fa.*, but no effort has been made to sell it, and that defendant had notice of the same when he bought, as well as of the insolvency of Job H. Cherry, and that complainant had received neither money nor other thing to indemnify him for the sum which he had paid. At the hearing the foregoing bill, on motion of counsel for defendant, was dismissed for want of equity, and complainant excepted.

The equity of the bill appears to rest upon the fact that complainant, *though a defendant* in the execution, because he as security has paid *a part* of the same, that he thereby becomes a co-plaintiff, with the right to take control of the *fi. fa.* to reimburse himself. His rights therein are secondary, and when he has complied with his own liability to the owner, then he will be subrogated to his rights, and not before, unless by his consent. Section 2155 of the Code declares how, and in what manner, his rights are to be enforced.

Nor does the fact that the transferee has bought the *fi. fa.* to protect his property, authorize *a court of equity* to intervene and change a positive rule of law.

There was no equity in the bill, and the same was properly dismissed.

Judgment affirmed.