## METROPOLITAN LIFE INSURANCE COMPANY *v.* DAY.

By the terms of an insurance policy the insurer promised to pay the beneficiary "the sum of one hundred and thirty-six dollars on receipt at said home office of due proof of the death of the insured, and fifty-nine further payments, monthly thereafter, of twenty-five dollars each, until sixteen hundred and eleven dollars in all shall have thus been paid." The policy further stipulated: "The commuted value of the installment payments, as above provided, is fifteen hundred dollars. If there be no designated beneficiary, original or substitute, when this policy becomes a claim by the death of the insured, such commuted value, less any indebtedness to the company hereunder, will be paid in one sum to the executors, administrators, or assigns of the insured. . . Upon the death of the insured, the beneficiary of record at the time of such death shall surrender this policy to the company in exchange for a supplementary contract providing for the installments payable in accordance with the conditions of this policy. Such supplemental contract shall provide that the company be furnished with satisfactory evidence that the beneficiary is living at the time each installment is payable thereunder; and that, if not living, the company shall be furnished with satisfactory evidence of a claimant's authority to receive the commuted value of any installments remaining unpaid. . . If the designated beneficiary shall die before receiving all the installments payable, the remaining payments shall be commuted at the rate of three and a half per centum compound interest, and paid in one sum to the executors or administrators of the beneficiary under the supplementary agreement." Upon the death of the insured the beneficiary furnished proofs of death and delivered the policy to the company, and demanded the execution and delivery of the supplementary agreement as provided in the policy. The company denied liability and refused to execute the supplementary agreement, claiming that the policy was forfeited by its terms, because the insured died by his own hand within a year after the policy was written. In a suit on the policy, praying damages for breach of covenant to execute and deliver the supplementary contract, under the foregoing facts, where it did not appear that the insured died by his own hand, the beneficiary was entitled to recover, and the measure of damages is the value of the installment payments as provided in the policy, reduced to their present value at the time the insurer repudiated liability and refused to execute the supplementary contract, computed at seven per centum per annum, and interest on the present worth as thus ascertained at the rate of seven per centum per annum from that time.

MAY 13, 1916. ON REHEARING, JULY 14, 1916.

Action upon insurance policy. Before Judge Fite. Bartow superior court. July 1, 1915.

The action was by Mrs. Ila Day against the Metropolitan Life Insurance Company. The petition alleged that she was the widow

of the insured, and the beneficiary under the policy of insurance; and that in consideration of the sum of $36.75 the defendant executed and delivered to her husband, Walter G. Day, its policy of insurance on his life. It was a 20-year payment policy. It provided that the insurance company "promises to pay, at the home office of the company in the City of New York, . . to Ila Day, wife of the insured, herein called the beneficiary, the sum of one hundred and thirty-six dollars, on receipt at said home office of due proof of the death of the insured, and fifty-nine further payments monthly thereafter, of twenty-five dollars each, until sixteen hundred and eleven dollars in all shall have thus been paid. . . The commuted value of the installment payments, as above provided, is fifteen hundred dollars. If there be no designated beneficiary, original or substitute, when this policy becomes a claim by the death of the insured, such commuted value, less any indebtedness to the company hereunder, will be paid in one sum to the executors, administrators, or assigns of the insured. . . Upon the death of the insured, the beneficiary of record at the time of such death shall surrender this policy to the company in exchange for a supplementary contract providing for the installments payable in accordance with the conditions of this policy. Such supplemental contract shall provide that the company be furnished with satisfactory evidence that the beneficiary is living at the time each installment is payable thereunder; and that, if not living, the company shall be furnished with satisfactory evidence of a claimant's authority to receive the commuted value of any installments remaining unpaid. . . If such right is given to the beneficiary by the insured, any installment payments yet to be made may at any time be commuted at the rate of three and a half per centum per annum compound interest, and be paid in one sum, but no beneficiary may assign or commute installment payments unless such right has been given by the insured, and is endorsed on the policy by the company at its home office during the lifetime of the insured. If the designated beneficiary shall die before receiving all the installments payable, the remaining payments shall be commuted at the rate of three and a half per centum per annum compound interest, and be paid in one sum to the executors or administrators of the beneficiary under the supplementary agreement."

It was further alleged that the insured was dead, and at the time of his death all accrued premiums due upon the policy had been paid. The petitioner furnished to the defendant, in accordance with the terms of the policy, due proofs of the death of the insured. In accordance with the terms of the policy for the modes of settlement, the petitioner delivered the same to the defendant to be exchanged for a supplementary contract providing for installments payable in accordance with the conditions of the policy. The defendant refused to execute and deliver the supplementary contract, and repudiated all liability thereunder, except for the return of the premium of $36.75, which amount was tendered to her. She refused to accept such tender, and returned same to the defendant, with the demand that the defendant comply with the terms of the policy of insurance. In reply to this demand the defendant, through its duly authorized superintendent, returned the policy, and in a letter stated that "the company does not intend to make any further settlement than that proposed, which is in accord with the terms of the policy." It was alleged that the defendant was indebted to petitioner, under the terms of the policy, in the sum of $1,500, besides interest, "which is the commuted value of said policy of insurance, and which said commuted value petitioner hereby elects to take." The prayer was for judgment for her said debt, and, by amendment, for such other legal or equitable relief as she may be entitled to, under the facts stated, and by reason of the defendant's breach of its contract. The defendant admitted that all premiums had been paid, and that it had received certain papers purporting to be proofs of the death of the insured, but denied that such proofs showed the death of the insured in the manner authorizing any recovery to be had on account of his death under the policy. It admitted that the plaintiff had delivered to it the policy and requested that the defendant exchange for it a supplementary contract as provided in the policy, and that it repudiated all liability under this contract. It tendered to the plaintiff the premium of $36.75, and the same was returned to it. It further pleaded that the policy contained a provision that it would be released from all liability thereunder if the insured, within one year from the issuance thereof, should die by his own hand or act, whether sane or insane, and in such event the company should not be liable for a sum greater than the

premium which had been received on the policy; that the insured within one year from the issuance of the policy died by his own hand or act; and that the defendant, in accordance with the terms of the policy, tendered to the beneficiary $36.75, which was the full premium received on the policy, and this tender was refused by her. On the trial the plaintiff testified that she was the widow of the insured, that he died on December 3, 1913, and the last time she saw him alive was on the 1st day of December, 1913. The full policy was also introduced in evidence. The court directed a verdict "that plaintiff recover of the defendant the cash value of the installments provided for in the policy of insurance, as of June 2nd, 1914, with interest from said date at 7% per annum." A motion for a new trial was overruled, and the defendant sued out a writ of error.

*Smith, Hammond & Smith* and *Neel & Neel,* for plaintiff in error.

*Colquitt & Conyers* and *William T. Townsend,* contra.

EVANS, P. J. (After stating the foregoing facts.) There was no proof that the insured died by his own hand; and the only question is the right of the plaintiff to recover, and, if entitled to recover, the extent of the recovery, in the form of action brought by her. In the briefs of the plaintiff in error it is contended that the plaintiff is not entitled to recover anything in the present action, for that the suit is on the policy, and under the terms of the policy the plaintiff was entitled only to the supplementary contract providing for installment payments in the future, and that the refusal of the company to issue the supplementary contract did not authorize the plaintiff to recover the commuted value of the payments. The insurer promised to pay the beneficiary $136 upon the receipt of the due proof of the death of the insured, and to make fifty-nine further payments monthly thereafter of $25 each. The postponed payments were to be provided for by a supplementary contract. Upon the policy becoming a death claim, the insurer, upon receipt of proofs of the death of the insured, was bound to make the cash payment of $136, and to execute the supplementary contract providing for the payment of the future installments. It repudiated all liability under the policy, and refused to execute and deliver the supplementary contract. This breach of covenant by the insurer gave the plaintiff a right of

action for damages, and the petition is sufficiently comprehensive to include a recovery for such breach.

What is the measure of damages? It will be observed that the insurer agreed to pay the installments in pursuance of a prescribed contract to be executed by the company after the policy became a death claim. The case is not like that where a policy calls for a series of installments directly payable to the beneficiary as a death claim. In such a case a refusal to pay the first installment would not authorize a recovery of others before they fell due. N. Y. Life Ins. Co. *v.* English, 96 Tex. 268 (72 S. W. 58). The beneficiary in the instant case could not recover at law for the various monthly installments by separate suit, for the reason that the insurer's liability for the monthly installments was to be fixed by a contract, which it refused to execute.

We therefore think that where the insurer breached the policy contract by refusing to execute the supplementary contract, it became liable to the plaintiff in damages. The measure of the damages is the loss sustained, which is the present value of the supplementary contract. This value is ascertained by reducing the future payments to their present worth at the date of the breach, at the legal rate of interest (7 per centum per annum), and interest on this sum from the date of the breach at the legal rate of interest. The verdict directed is indefinite, inasmuch as it omits to state the rate of interest to be used in reducing the installments payable in the future to their present worth; and also because the verdict should have stated the calculation, instead of the mode of arriving at it. Accordingly, the judgment refusing a new trial is affirmed, with direction that the court arrive at the proper amount of the installments, payable in a single installment (including the cash installment of $136.00 and the 59 monthly installments of $25.00), by reducing the same to their cash value at the date of the breach (May 21, 1914); and that a verdict be entered for this sum, with interest on it from the date of breach at the rate of seven per centum per annum.

*Judgment affirmed, with direction. All the Justices concur.*