17337.  COBB LUMBER CO. *v.* SUNNY SOUTH GRAIN CO.

1. "Where no time for the performance is specified, the law will presume that a reasonable time was contemplated; and. where by the terms of a contract of purchase and sale the commodity was to be shipped 'as ordered,' it was incumbent upon the purchaser to direct shipment within a reasonable time." *Seabrook* v. *Moore,* 25 *Ga. App.* 613 (2) (103 S. E. 839). Thus, where an executory contract for. the sale of goods provided for shipment on a given date "or as ordered out," it was incumbent upon the purchaser to give shipping instructions prior to the date named; and in the event of his failure to do so, the vendor had a right to ship without an order as authorized by the contract.

2. "Time is not generally of the essence of a contract; but, by express stipulation or reasonable construction, it may become so." Civil Code (1910), § 4268 (8). "In contracts for the sale of personal property, wherein a time is named for delivery, it is a question of construction, in each particular case, as to whether or not the time named is a material part of the contract, a breach of which will give the other party a right of action therefor." *Gude* v. *Bailey,* 4 *Ga. App.* 226 (61 S. E. 135). In a contract such as the one described in the foregoing division of the syllabus, where the date named was not fixed as a final and definite date for delivery, but where the time of shipment could be accelerated or deferred at the will of the vendee, it could not reasonably be said that shipment on the particular date mentioned in the agreement was intended by the parties to be of the very essence of the contract, so that a delay of not more than a day in the shipment would void the seller's rights. Moreover, under the facts as disclosed by the record in this case, the vendee must be held to have waived any objection he might possibly have had upon the ground that the shipment so made was not in strict compliance with the contract as to time. Where a purchaser gives to the seller the specific ground of objection under which the goods are rejected, and the seller, relying upon the ground thus urged as constituting the reason for their rejection, proceeds to take such action as would protect his interest if the ground of objection assigned should be adjudged invalid, but which would subject him to injury if such rejection should be upheld, the purchaser, after litigation has begun, can not be permitted to set up a new and different ground of objection, so as to render injurious to the seller the procedure taken by him on the faith of the ground of objection originally assigned. See *Tuggle* v. *Green,* 150 *Ga.* 361 (2) (104 S. E. 85); *Union* v. *Beall,* 30 *Ga. App.* 748 (1) (119 S. E. 533). In the instant case, not only does it appear that the purchaser sent to the seller a telegram declining to accept the goods ordered on the one specific ground that the price was "entirely out of line for the grade of feed shipped," making no complaint of the alleged failure of the seller to ship the goods on the particular date named in the con-

Appeal and Error, 4 C. J. p. 852, n. 56.

Contracts, 13 C. J. p. 683, n. 1; p. 687, n. 42.

Sales, 35 Cyc. p. 167, n. 3; p. 175, n. 87; p. 179, n. 10, 11; p. 182, n. 39, 41; p. 184, n. 56, 57; p. 239, n. 73.

tract, but it also appears that the purchaser offered to accept the goods at a less price than the contract price, still making no objection to the alleged date of shipment, and that upon this offer being refused by the seller, the latter, acting upon his rights in view of the specific grounds of objection made by the vendee, proceeded to sell the goods in accordance with the provisions of section 4131 of the Civil Code (1910). In a suit brought by the seller under the last-named section of the code the purchaser will not be heard then to raise for the first time the issue that the shipment was not made in strict compliance with the contract as to time.

3. Under the principles of law set forth above, even if the charge complained of was erroneous, the error was harmless to the defendant, and, the verdict upon the issue made by the plea as to the quality of the goods being fully authorized by the evidence, the judgment overruling the motion for a new trial can not be disturbed.

DECIDED NOVEMBER 15, 1926.

Breach of contract; from city court of Oglethorpe—Judge Greer. February 27, 1926.

*John M. Greer,* for plaintiff in error.

*John B. Guerry,* contra.

JENKINS, P. J. This was a suit under section 4131 of the Code for loss sustained by the plaintiff vendor in pursuing the remedy fixed by the second clause of that section. It appears that about January 20, 1925, the plaintiff and the defendant entered into an executory contract for the sale of fifteen tons of feed-stuff, which contract provided for immediate shipment of three tons of the commodity, with the right of cancellation on the part of the vendee in ten days if the preliminary shipment proved unsatisfactory; otherwise the remainder of the goods to be shipped February 28, 1925, "or as ordered out." After the preliminary shipment no shipping instructions for the remainder of the order were given by the defendant, and on February 28, 1925, or within a day or two thereafter, the goods were shipped to the defendant at Oglethorpe, Georgia, from the place of business of the plaintiff at Birmingham, Alabama, the goods reaching Oglethorpe on or before March 3, 1925, since the defendant telegraphed the plaintiff at 3 o'clock p. m. on that date as follows: "Car feed here we can not use price entirely out of line for the grade of feed shipped make disposition." No complaint was then made that the goods were not shipped within the time provided in the contract. On March 3, or the next day, the plaintiff's representative visited the defendant, who contended that the goods were not of the grade

ordered, but offered to take them at a price of $6 per ton less than the contract price. At that time the defendant still made no contention that the goods were not shipped on February 28, 1925. This offer of price reduction was declined by the plaintiff, who then proceeded to sell the goods for the defendant's account, receiving a price of $12 per ton less than the contract price. Upon suit being brought by the plaintiff for the loss thus sustained, the defendant filed a plea setting up in part that shipment of the goods was not made according to the terms of the contract, and that the goods were unsatisfactory, and that the defendant had never ordered them shipped out. The jury returned a verdict in the plaintiff's favor, and the defendant filed a motion for a new trial, wherein it is contended that the court erred in charging the jury that shipment by the plaintiff on February 28, 1925, or about that date, would be a compliance with the terms of the contract. This motion for a new trial was overruled, and the defendant excepted.

*Judgment affirmed. Bell, J., concurs. Stephens, J., concurs specially.*

STEPHENS, J., concurring specially. I concur upon the ground that the plaintiff had not violated the contract as to time in the shipment of the goods.