19077. PEOPLES LOAN & SAVINGS CO. *v.* FIDELITY & CASUALTY CO.

STEPHENS, J. 1. Where a fidelity-insurance policy, which insures against defalcation by an employee of the insured, provides that proof of loss shall be furnished within three months after discovery by the insured of a dishonest act on the part of the employee, but imposes no forfeiture for a failure of the insured to furnish the proof of loss within the re-

quired time or to comply with any other provision of the policy, but provides only that legal proceedings for a recovery under the policy may not be brought until three months have elapsed after proof of loss has been furnished, and then within six months after proof of loss has been furnished, and that the right to make a claim under the policy shall cease at the end of six months after the termination of the policy, which is upon the discovery by the employer of a dishonest act on the part of the employee, and contains no other limitations upon the conduct of the insured after a loss has occurred, the policy is not forfeited by a failure of the insured to furnish a proof of loss within the required three months after discovery of the loss, where the proof of loss is furnished in time to permit a compliance by the insured with the other provisions of the policy imposing limitations on his conduct respecting the filing of a claim and the institution of legal proceedings on the policy. *Southern Fire Insurance Co.* v. *Knight*, 111 *Ga.* 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216) ; *Harp* v. *Fireman's Fund Insurance Co.*, 130 *Ga.* 726 (61 S. E. 704) ; 5 Joyce on Insurance, § 3282.

2. Where a fidelity-insurance policy, such as the one described above, which insures against defalcation by an employee of the insured, provides that proof of loss shall be furnished within three months after discovery by the insured of a dishonest act on the part of the employee, but the proof of loss is not furnished within that time, but is afterwards furnished, and is received and accepted by the insurer without objection that it was not furnished within the required time, and the company retains the proof of loss and makes its own investigation of the books and records of the insured relating to the acts of the employee, and states that proof of loss has been made to its satisfaction, and afterwards denies liability under the policy, not upon the ground that the insured failed to comply with the provisions of the policy respecting the time within which proof of loss must be furnished, but upon the ground that the insurance contract itself was invalid, the insurer in accepting the proof of loss after the expiration of the required time and expressly denying liability upon a ground other than the insured's failure to furnish the proof of loss within the required time, waives any right which it may have had to object to the proof of loss upon the ground that it was not furnished within the time required by the policy. 5 Cooley's Briefs on Insurance, 4319; 33 C. J. 32; Georgia Home Insurance Co. *v.* Allen, 128 Ala. 451 (30 So. 537).

3. A statement made by the insurer to the insured, after the expiration of the time within which proof of loss must be furnished under the terms of the policy, denying liability under the policy and refusing to pay the loss, not upon the ground that the insured had failed to comply with any of the provisions of the policy respecting the furnishing of proof of loss, but expressly upon the ground that the contract of insurance itself was invalid, does not operate to estop the insurer, in a suit afterwards brought by the insured to recover under the policy, from relying as a defense upon the failure of the insured, at a time before this denial of liability was made, to comply with the provisions of the policy respecting the furnishing of proof of loss. *Union Brokerage Co.* v. *Beall*, 30 *Ga. App.* 748 (119 S. E. 533) ; *Cobb Lumber Co.* v. *Sunny South*

*Grain Co.*, 36 *Ga. App.* 140 (135 S. E. 759); *Barkley* v. *American National Ins. Co.*, 36 *Ga. App.* 447 (136 S. E. 803).

4. Section 2549 of the Civil Code of 1910, which provides that an insured may recover of an insurance company an amount representing a penalty and attorney's fees where the insurer is guilty of bad faith in failing to pay the loss arising under the policy, is not restricted in its application to any particular class of insurance companies, but applies to fidelity insurance companies, and to policies, such as the policy here sued on, issued by such insurance companies, insuring employers against the defalcations of their employees.

5. In a suit by an insured against the insurer, to recover under an alleged policy which insured the plaintiff against loss arising out of the defalcation of the plaintiff's employee, where it was alleged that after the defendant had been notified of a loss arising by reason of the employee's defalcation, the defendant encouraged the plaintiff to go to the expense of employing auditors to investigate the books and records of the employer and prepare a proof of loss, .and accepted a proof of loss prepared and furnished by the plaintiff, that the defendant afterwards denied liability under the policy and refused, within sixty days after demand for payment, when the defendant could legally under the terms of the policy be called upon for payment, to pay the loss sustained by the plaintiff and covered by the policy, and that this refusal to pay by the defendant was bad faith entitling the plaintiff to recover the penalty and attorney's fees provided for by law in such cases, the petition alleged sufficient facts from which a jury could infer bad faith and award, in addition to the sum found representing loss under the policy, a sum representing the penalty and attorney's fees.

6. The mere fact that the employee gave a note to the employer for a certain amount of money, and, as appears from the auditor's report afterwards made, after an examination of the employee's accounts, that no money was actually withdrawn from the employer by the employee, but that this transaction was "used to cover" the employee's "shortages," where it does not appear that when the note was given the employer knew of any shortage or, that the note was accepted to cover up any shortage, is insufficient to show a settlement or compromise between the employer and employee of any shortage or loss covered by the policy. Therefore this transaction does not void the policy under the provision therein to the effect that if the employer .settles or compromises with the employee for any loss insured against by the policy without the insurer's consent to the settlement or compromise, the policy thereby becomes void.

7. Under the ruling contained in paragraph 3 above, the second count of the petition failed to set out a cause of action and was not good as against a general demurrer. Under the rulings elsewhere made, the first count of the petition set out a cause of action and was good as against a general demurrer. The court did not err in sustaining the general demurrer to the second count of the petition, but did err in sustaining the general demurrer to the first count. Since the court did not pass upon the special demurrer to the first count of the petition, and since the second count was properly dismissed on general demurrer, the rulings on the special demurrer are not passed upon. The court

erred in dismissing the plaintiff's entire petition on general demurrer. *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 21, 1929.

*Alston, Alston, Foster & Moise,* for plaintiff.
*Slaton & Hopkins,* for defendant.