24416, 24448.   TRAVELERS INSURANCE COMPANY *v.*
LANCASTER; and *vice versa.*

Decided June 14, 1935.

*Finlay & Campbell, Maddox, Matthews & Owens,* for plaintiff in error.

*John D. & E. S. Taylor, Wright & Covington,* contra.

Jenkins, P. J. This is a suit on a certificate of insurance, issued to the plaintiff and subject to the provisions of a group policy issued to his employer for the benefit of the plaintiff and other employees. The policy, in addition to a death benefit, insured against

total and permanent disability, providing that, in the event the employee should furnish to the defendant company proof while insured under the policy that he had become wholly disabled by bodily injury or disease and would permanently and continuously be prevented thereby for life from engaging in any occupation or employment for wage or profit, the company would pay, in full settlement of all obligations to him under the policy, the amount of insurance upon his life in force thereunder at the time of the receipt of due proof of such disability, calculated according to a schedule of different installment payments specified in the policy as might be chosen by the employer. The petition alleged that the plaintiff employee had become totally and permanently disabled while the policy was in force, and that on demand for payment of the insurance he received from the defendant the following letter, denying all liability: "Your claim for disability benefits under your group life-insurance policy has been reviewed, and same has been disallowed for the reason there was no disability provisions in force at the time you became continuously totally disabled on June 9, 1933." Plaintiff further alleged that after such denial of liability he called upon the employer to designate the number of installments which it might choose under the options given by the policy, but that the employer failed to make any such choice, and that upon its failure so to do the plaintiff elected to sue for the full amount due under the contract in one installment. Defendant demurred to the petition on the grounds: (1) that it showed a failure to make proof of the disability as required by the terms of the policy; (2) that it failed to show that the employer had designated the number of installments as required by the terms of the policy; (3) that there was no privity of contract between the defendant and the plaintiff, such as would authorize the plaintiff to bring an action on the policy in his own name. The court overruled the general demurrer to the petition, but sustained a special demurrer, holding that the plaintiff could not recover the face amount of the policy in a lump sum as sued for; and, after the plaintiff had amended by setting up an additional count under which he elected to claim an annual installment in accordance with the provisions of the policy, the court overruled the renewed demurrer to that count. The defendant excepts to the failure of the court to sustain its general demurrer to the first and second counts of the petition. The

plaintiff, by cross-bill of exceptions, excepts to the sustaining of the special demurrer to the first count, which required him to maintain his action for installments under one of the methods stipulated by the policy.

■ It appearing from the letter of the defendant insurance company, attached to the petition, that it had absolutely denied all liability and refused payment on the sole ground that the disability provision in the policy was not in force at the time the plaintiff became permanently totally disabled, the requirement of the policy as to formal proof of such disability was rendered unnecessary. *Life Ins. Co. of Va.* v. *Williams,* 48 *Ga. App.* 10 (2), 19 (172 S. E. 101), and cit. See also *Peoples Loan &c. Co.* v. *Fidelity &c. Co.,* 39 *Ga. App.* 337 (3), 338 (147 S. E. 171) ; 32 C. J. 1354. In this case, contrary to what was the pleading in *New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (8 a), 775 (116 S. E. 922), the suit was not upon the theory that the plaintiff had complied with the requirements of the policy as to proof of disability, but was manifestly based upon the theory that such proof was rendered unnecessary by the alleged absolute refusal to pay.

■ An insurer's absolute denial of all liability under a group policy issued to an employer waives an option in a certificate of insurance issued to an employee, to the effect that any amount payable under the policy might be paid under an optional number of installments as might be chosen by the employer, as stipulated in a table contained in the group policy, with the result that, on such denial of liability by the insurer and the consequent failure of the employer to specify the option chosen, the employee may maintain an action for the amount of insurance fixed by the policy, without reference to the schedule of payments calculated in increasing amounts according to the deferment of the installments. John Hancock Mutual Life Ins. Co. *v.* Cave, 240 Ky. 56 (40 S. W. 2d) 1004, 79 A. L. R. 848, 851) ; Prudential Ins. Co. *v.* Faulkner, 68 Fed. (2d) 675 (94 A. L. R. 1160). See *Metropolitan Ins. Co.* v. *Day,* 145 *Ga.* 425 (89 S. E. 576). The rule would be otherwise if no option as to the method of payment was provided, but the amount was stipulated to be paid only in fixed monthly installments. *Ætna Life Ins. Co.* v. *Dorman,* 51 *Ga. App.* 393 (180 S. E. 640).

■ It is a general rule that an action on a contract must be brought in the name of the party in whom the legal interest in the

contract is vested; but where a contract is expressly made for the benefit of a third person, such as in the instant case, where the policy of group insurance was issued by the insurer to the employer for the benefit of the plaintiff and other named employees, and where a certificate of insurance was issued by the insurer to the plaintiff, and where the plaintiff has complied with the obligations incumbent upon him with reference to his portion of the premium due under the group policy, he may sue in his own name for benefits accruing to him under his certificate and the group policy. *Carruth* v. *Ætna Life Ins. Co.*, 157 *Ga.* 608 (122 S. E. 226); *Manget* v. *National City Bank of Rome*, 168 *Ga.* 876, 880-882 (149 S. E. 213).

Under the foregoing rulings, the court did not err in overruling the general demurrer to the petition, but erred in sustaining the special demurrer and holding that the plaintiff could not recover the full face amount of the policy.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill. Stephens and Sutton, JJ., concur.*