58442. JESSEE et al. v. FIRST NATIONAL BANK OF ATLANTA.

SMITH, Judge.

This is an action by a surety for release from his obligation. Jessee and the four other sureties to two notes held by The First National Bank of Atlanta (hereinafter "Bank") sought a declaratory judgment releasing them from all obligations to the Bank under the notes. The Bank responded and counterclaimed for judgment against the plaintiffs for the principal amount of the notes plus interest and attorney fees. The Bank moved for summary judgment against Jessee. The trial court granted the motion and entered judgment against Jessee for his proportional share of the note plus interest and attorney fees. Jessee appeals the denial of his motion for summary judgment and from the granting of the Bank's cross motion for summary judgment. This appeal raises an issue of first impression: Is a surety, who is individually liable only for an agreed percentage of the debt owed by his principal to a creditor, discharged as a matter of law when the creditor refuses a tender of the amount of the debt for which the surety is individually liable? Finding no discharge under those circumstances, we affirm.

1. For the purposes of the Bank's motion for summary judgment, Jessee's tender of his 20% share of the debt owed by his principal to the Bank was assumed to be unconditional. As a result, there were no genuine issues of material fact as to the Bank's motion. See *Allen v. Myers-Dickson Furn. Co.,* 122 Ga. App. 194 (176 SE2d 508) (1970).

The contract of surety between Jessee, his cosureties and the Bank limited the liability of each surety as follows: "Although the joint liability hereunder of the undersigned Guarantors is one hundred (100%) percent, the individual liability hereunder of each Guarantor is twenty (20%) percent of the total joint liability hereunder of all the undersigned Guarantors." The contract was later modified and extended to include a provision stating: "Notwithstanding the provisions of the agreement, the individual and personal liability of the undersigned as guarantors and endorsers shall be limited to twenty percent (20%) of the indebtedness created by the original and extended agreements."

Jessee tendered his 20% of the indebtedness to the Bank, and the Bank refused to accept his tender. Jessee contends that the Bank's refusal to accept his tender discharged him as a surety for the debt under Code § 103-204, since the Bank was entitled to no more from Jessee than the amount he tendered.

The present law governing the discharge of parties from liability on negotiable instruments is found in UCC § 3-601 et seq. (Code Ann. § 109A-3—601 et seq.). See *Westwood Place v. Green,* 153 Ga. App. 595 (1980). UCC § 3-604(1),(2) (Code Ann. § 109A-3—604(1),(2)) provides: "(1) Any party making tender of full payment to a holder when or after it is due is discharged to the extent of all subsequent liability for interest, costs and attorney fees. (2) The holder's refusal of such tender wholly discharges *any party who has a right of recourse against the party making the tender.*" (Emphasis supplied.) The Bank's refusal of the tender did not discharge Jessee from his 20% liability.

2. Jessee further contends that the Bank's refusal of his tender increased his risk as he was no longer entitled to an equitable subrogation and that he was, therefore, discharged as a matter of law under the provisions of Code §§ 20-1105, 103-203. We disagree. Subrogation inures only to a surety who has paid the debt of his principal. Code Ch. 103-5. Where less than the total amount of that debt is tendered, subrogation is not permitted. See *Cherry v. Singleton,* 66 Ga. 206 (1880). " 'The reason for this rule is that if the surety upon making a partial payment became entitled to subrogation pro tanto, and thereby became entitled to the position of an assignee of the property to the extent of such payment, it would operate to place such surety upon a footing of equality with . the holders of the unpaid part of the debt, and, in case the property was insufficient to pay the remainder of the debt for which the guarantor was bound, the loss would logically fall proportionately upon the creditor and upon the surety. Such a result would be grossly inequitable.' " *Erwin v. Brooke,* 159 Ga. 683, 687 (126 SE 777) (1924); 83 CJS 670, Subrogation, § 48. As Jessee is not entitled to subrogation, this contention is without merit.

3. The final enumeration of error asserts that the trial court incorrectly computed the amount of Jessee's liability. We agree. Under the terms of their contract, Jessee tendered full payment of his obligation to the Bank. Under UCC § 3-604 (1), Jessee was discharged to the extent of all subsequent liability for interest, costs and attorney fees on the notes as of the date of his tender. Since Jessee is liable for no more than the amount which he tendered to the Bank, the judgment should be amended accordingly.

The judgment is affirmed with direction that interest

subsequent to the date of Jessee's tender and attorney fees be written off; otherwise it is reversed.

*Judgment affirmed with direction. Quillian, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED MARCH 18, 1980—
REHEARING DENIED APRIL 2, 1980 — 

*Irwin W. Stolz, Jeffrey L. Sakas, C. James Jessee, Jr., George E. Duncan, Jr., Seaton D. Purdom,* for appellants.

*S. Phillip Heiner, James J. Thomas, II,* for appellee.

ON MOTION FOR REHEARING.

The Bank contends that since Jessee was not a party to the note but rather his obligation arose under an independent contract of guaranty, the effect of his tender is governed by Code § 20-1105 rather than UCC 3-604(1). We agree that Jessee's liability is predicated on the contract of guaranty, which is a promise separate from that of the maker of the note. *Hartsfield Co. v. Robertson,* 48 Ga. App. 735 (173 SE 201) (1934). However, the instant contract states, "The Guarantors shall be liable for all indebtedness of the Borrower to [the Bank] . . . to the same extent as if the Guarantors were endorsers of the Note . . ." As an "endorser" is clearly entitled to the relief provided under UCC § 3-604(1), the Bank's contention is without merit.

*Motion for rehearing denied.*