A91A0371. LUNDY et al. v. LOW.
(408 SE2d 144)

COOPER, Judge.

This appeal arises from a suit on account brought by appellee and appellant's counterclaim for breach of contract. Appellants, Nell Lundy d/b/a Lundy Produce ("Nell") and Mary Lundy Vela d/b/a Lundy Produce ("Mary"), appeal the trial court's grant of summary judgment to appellee, J. T. Low d/b/a Highland Farm of Oregon, and the denial of their motion for summary judgment.

On August 3, 1988, Lundy Produce entered into a contract with appellee for the purchase of Christmas trees to arrive no later than November 16, 1988. On the first line of the contract, "Lundy Produce" is listed as buyer, and in the body of the contract "Nell Lundy" is designated as buyer. However, on the last line of the agreement, both Nell and Mary signed as buyers. In October 1988, in a letter to appellee's sales representative, Nell proposed a different shipping schedule which divided the shipment into three parts. The first load was to be shipped between November 12 and November 16 to arrive in Atlanta on November 20, and the second load was to be shipped on or about November 23 with no delivery date specified. Shipment and arrival dates for the final load were not designated. The letter was signed "Nell Lundy trees" and was accompanied by a $1,000 check signed by Nell, on which the notation, "Deposit on 2000 trees," was written. Consistent with Nell's letter, shipments were made on November 13, 15, 26, 27 and December 8 and were accepted by appellants. On December 27, Nell and Mary wrote appellees' sales representative stating that they had "no complaint on the trees whatsoever" and that they wanted to purchase more trees at the same price the following year. Nell and Mary also enclosed a check for $9,744, which was drawn on an account titled "Mary Lundy Produce Company" and was signed by "Mary Lundy" to satisfy the remaining balance. On January 23, 1990, Nell notified appellee that she stopped payment on the check and that she would send a smaller check in-

stead and forward the balance later. Thereafter, appellants made only partial payments toward the balance, and this suit was filed to recover the unpaid balance and interest. In her "Response" to the complaint, Nell denied doing business as Lundy Produce and stated that she was present when Mary ordered trees from appellee, that it was agreed that the trees would be delivered on or before December 5, 1988, and that Mary would not be obligated to pay for any trees arriving after December 5 because they would arrive too late in the season to be sold wholesale. Mary denied doing business with Nell as Lundy Produce, stated that Lundy Produce had been given to her by her father upon his retirement, claimed there was an agreement on the December 5 delivery date and maintained that the parties did not contemplate interest or finance charges as prayed for by appellee. Mary asserted a counterclaim alleging breach of contract based upon appellee's failure to deliver all of the trees by December 5, 1988. Mary contended that she was billed $27,892 for the trees; that she has paid $28,892; and that she is entitled to be reimbursed for the trees delivered after December 5 in the amount of $8,041.

1. In their first seven enumerations of error, appellants contend that the trial court erred in granting summary judgment in favor of appellee and against appellant because appellee failed to establish as a matter of law that appellants would not prevail under any theory fairly drawn from the pleadings and evidence and that genuine issues of material fact remain, including the following: whether there was a breach of contract for failure to deliver trees by November 16, 1988, the value of the trees delivered after December 5, whether Nell and Mary entered into a contract jointly to purchase the trees and whether the appellants were indebted to appellee. We disagree. Appellants' contentions totally belie the evidence. It is undisputed that Nell proposed an alternative shipping schedule which appellee accepted (OCGA § 11-2-601 (b)) and executed with no objection from appellants until the counterclaim was filed. It is also clear that the new schedule was in conflict with the November 16 and December 5 delivery dates, given the timetable set forth in the new schedule, despite the fact that Nell failed to specify shipping or delivery dates for the third load of trees. OCGA § 11-2-309 (1) and (2) provides in part that "[t]he time for shipment or delivery . . . under a contract if not . . . agreed upon shall be a reasonable time," and "[w]here the contract provides for successive performances but is indefinite in duration it is valid for a reasonable time. . . ." Furthermore, not only was there no objection by appellants to any of the deliveries, as contemplated in OCGA § 11-2-606, but Nell and Mary expressed their gratitude for the trees on December 27 and planned to re-order from appellee the following year. Appellants' argument that time was of the essence of the contract relative to the November 16 and December 5

dates is entirely without merit inasmuch as appellants altered the delivery time themselves. See *Cobb Lumber Co. v. Sunny S. Grain Co.*, 36 Ga. App. 140 (135 SE 759) (1926).

Appellants' argument that there are genuine issues of fact as to whether or not Nell and Mary entered into the contract jointly is equally without merit. The evidence again is undisputed that both women were present on August 3, 1988, when the contract was made; that the names of both women are on the signature line; that Nell exercised authority in altering the date of delivery; and that the trees were paid for with checks signed by both Nell and Mary. In addition, in their brief to this court, appellants advance the incredible argument that there is no evidence to connect Mary with the transaction. This contention stands in direct conflict with the undisputed evidence, outlined above, and Mary's own response to the complaint in which she admitted operating Lundy Produce and entering into a contract with appellee's agent to purchase Christmas trees.

On the question of whether a genuine issue exists as to their counterclaim for reimbursement, appellants offered no evidence to demonstrate that a balance was owed them. "It is the duty of the party asserting error to show it by the record, and assertions of evidence in briefs cannot satisfy this duty. [Cit.]" *Denny v. Nutt*, 189 Ga. App. 387, 389 (2) (375 SE2d 878) (1988). Appellants claim to have paid $28,892, of which $6,129 is an overpayment. However, to the contrary, the evidence introduced by appellee which included shipping records, invoices, cancelled checks and an inventory sheet, as well as, Nell and Mary's letter in which they acknowledge that $9,744 was due and owing on December 27, aptly demonstrated appellants' indebtedness to appellee.

" '(S)ummary judgment law does not require the [movant] to show that no issue of fact remains, but rather tha(t) no genuine issue of material fact remains; and while there may be some shadowy semblance of an issue, the case may nevertheless be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion.' [Cit.]" *Pate v. Ga. Southern &c. R. Co.*, 196 Ga. App. 211, 215 (3) (395 SE2d 604) (1990). Based on the foregoing and our review of the entire record, we find no error in the trial court's grant of summary judgment to appellee against both appellants and the denial of appellants' motion for summary judgment.

2. Appellants enumerate as error the trial court's award of interest at the rate of 18 percent per annum from December 15, 1988. We will not consider appellants' claim that the interest award was usury as it is being raised for the first time on appeal. *Noro-North &c. v. Rare Coins &c.*, 196 Ga. App. 443 (1) (395 SE2d 918) (1990). The contract provided for an award of two percent per month from the

335 at the top

contract due date, and we find no error in the trial court's reduction of that rate to one-and-one-half percent per month in accordance with OCGA § 7-4-16.

3. Finally, we need not address appellants' three remaining enumerations of error as they were sufficiently addressed in Division 1.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JULY 5, 1991.

*John L. Watson, Jr.*, for appellants.

*J. Michael Kaplan, Crews, Salter & Gisler, Charles M. Gisler*, for appellee.