A92A1114. EMMETT v. SAPAROW et al.
(420 SE2d 386)

McMURRAY, Presiding Judge.

In this appeal from the grant of summary judgment in a suit on a note and guaranty agreement, the following facts are undisputed: Appellant Larry J. Emmett and appellee Herschel C. Saparow organized a business enterprise as equal partners called Mountain Brook Bedspreads and Draperies, Inc. (hereinafter "Mountain Brook") in June of 1989. Mountain Brook borrowed $200,000 from Trust Company Bank of Cobb County by executing a note in the bank's favor signed by Emmett as chairman and Saparow as president of the business. Emmett and Saparow also executed a guaranty in favor of the bank to secure all extensions of credit to Mountain Brook, which provided for unconditional and irrevocable joint and several liability of each guarantor. The guaranty further provided that neither transfer nor assignment of the note and guaranty nor loss or sale of any assets of Mountain Brook securing the note would release or discharge the guarantors from liability. Emmett executed the guaranty individually; Saparow executed it individually and as president of Scroll Fabrics,

Inc., although Scroll Fabrics, Inc. owned no shares in Mountain Brook, received no Mountain Brook profits and paid none of its losses.

On or about January 1, 1990, Mountain Brook became insolvent. On February 27, 1990, Emmett and Saparow entered into a written agreement whereunder Emmett resigned his position at Mountain Brook and transferred his shares of stock to Saparow, and Saparow was to negotiate with another business to form a new corporation utilizing Mountain Brook's assets and pay off its note. The following April, when Herschel C. Saparow was unable to find a buyer for Mountain Brook, he and his wife Susan L. Saparow purchased the note from Trust Company Bank of Cobb County for $220,499.73 and were assigned the guaranty. Emmett was not discharged or released from his obligation under the guaranty, nor did he notify the bank he intended to terminate the guaranty. After Emmett made no payment on the note, by letter dated November 29, 1990, Herschel C. Saparow and Susan L. Saparow ("appellees") demanded one-half of the amount due, which was alleged to be $110,249.97, plus interest and attorney fees, from him as guarantor of the note, plus attorney fees pursuant to OCGA § 13-1-11. When Emmett made no response to the demand letter, appellees filed the suit sub judice seeking their statutory right to contribution of one-half the amount due plus interest and attorney fees or, in the alternative, the full amount due them as assignees of the note under the guaranty less Emmett's right of contribution. Both parties filed motions for summary judgment. The trial court rejected Emmett's claims of fraud and novation, denied his motion and granted summary judgment to appellees. Emmett appeals. *Held*:

1. Appellant's contention that appellee Susan L. Saparow had no standing to seek contribution presents no basis for reversal since she is entitled to recover under the guaranty as an assignee of the note. *Hazel v. Tharpe & Brooks*, 159 Ga. App. 415 (1) (283 SE2d 653) (1981).

2. Appellant asserts that the trial court erred in granting summary judgment to appellees on his counterclaim contending that their bad faith and fraud required him to be discharged of his obligations under the guaranty. The trial court specifically stated that the issues of fraud raised by appellant were not before the court or considered in its ruling, as appellant's arguments and citations of authority were conclusory and not supported by facts. "[A] complaint which alleges a claim for damages for fraud is insufficient as a matter of law. The allegation of fraud is limited to the legal conclusion that [appellant was] induced to enter into the contract through fraud. When alleging fraud, the circumstances constituting fraud must be stated with particularity. [OCGA § 9-11-9 (b); Cits.]" *Holder v. Brock*, 129 Ga. App.

732 (2) (200 SE2d 912) (1973). See generally Gregory's Georgia Civil Practice, 194, § 3-3 (1990). While appellant argues in his brief on appeal that his decision to sell his Mountain Brook stock and all of his interest in its assets would not have occurred had appellee Herschel C. Saparow not deceived him, none of these contentions is relevant to the issue of whether he was obligated under the guaranty and no pertinent facts have been demonstrated by citation to the record. Furthermore, paragraph 2 of the February 27, 1990 agreement expressly reserves his liability on the note and guaranty. " 'It is the duty of the party asserting error to show it by the record, and assertions of evidence in briefs cannot satisfy this duty. (Cit.)' [Cit.]" *Lundy v. Low*, 200 Ga. App. 332, 333 (1), 334 (408 SE2d 144) (1991).

3. Appellant's enumeration asserting that a change in the nature and terms of the original note resulted in the novation of the contract between appellees and the bank which discharged his obligations is without merit. There was an assignment of the note to appellees by the bank upon their payment of the indebtedness, and the guaranty agreement specified that it enured to the benefit of the bank, its successors and assigns. "Therefore, transfer of the principal obligation also operated as an assignment of [appellant's] obligation. [Cits.]" *Hazel v. Tharpe & Brooks*, 159 Ga. App. at 415-416 (2), supra. See also OCGA § 11-3-201; *Mitchell v. Ringson*, 169 Ga. App. 88 (1) (311 SE2d 516) (1983).

4. Appellant challenges the trial court's mathematical calculation of the amount he owes as guarantor of the note. He argues that assuming Herschel C. Saparow and Susan L. Saparow paid off Mountain Brook's debt remaining on the note, they would be entitled to recover only his proportionate share of the debt at that time, not one-half of the entire sum borrowed plus accrued interest and attorney fees on the full amount up until the time of judgment as calculated by the court. However, the calculations were based upon figures supplied by the bank that were undisputed. Appellant concedes that Mountain Brook paid the bank $13,188.89 in addition to the $186,811.11 note from the Saparows and he was allowed a credit of $5,095.13 for payments made during the time he and Herschel C. Saparow were partners. We find no grounds for reversal.

5. Appellant protests the grant of summary judgment to Herschel C. Saparow and Susan L. Saparow on issues relating to his assertion that Herschel C. Saparow and Susan L. Saparow were not legally subrogated to the bank's rights because they had not paid off the original note, and thus were not entitled to contribution. He cites *Jessee v. First Nat. Bank of Atlanta*, 154 Ga. App. 209, 210 (2) (267 SE2d 803) (1980) as authority for the precept that a surety has the legal right to seek contribution against a co-surety only upon payment of the debt of the principal. Since the evidence was undisputed that appellees did

indeed purchase the note, thereby extinguishing the indebtedness of Mountain Brook, this premise cannot be maintained as a basis for appellant's discharge.

6. Appellees' motion to dismiss the appeal and for sanctions is denied.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JUNE 29, 1992.

*Timothy P. Healy,* for appellant.
*Weisz & Port, Peter R. Weisz, Cathy R. Nash,* for appellees.