### 3908. BRUNSWIG v. EAST POINT MILLING COMPANY.

POTTLE, J. 1. A contract for the sale of "one car No. 2 white corn, 1,000 bu. bulk price 91 1/4 cts. per bushel f. o. b. East Point, Ga.," is not complied with by tendering at the point of delivery a car containing 1,071 bushels of corn of the quality contracted for.

2. The contract being unambiguous, evidence of a custom of the trade that in sales of the character involved there might be a variance in the quantity contracted for, of from 50 to 100 bushels, was not admissible.

3. Failure by the purchaser to assign the variation in quantity as a reason for his refusal to accept is not a waiver of his right, when sued for the purchase-price, to plead the failure of the seller to comply with the contract with respect to the quantity tendered. *Judgment affirmed.*
DECIDED APRIL 2, 1912.

Action for breach of contract; from city court of Atlanta—Judge Reid. December 2, 1911.

*Payne, Little & Jones,* for plaintiff.
*T. O. Hathcock,* for defendant.

---

### 3915. BELL & HARRELL v. KWILECKI.

POTTLE, J. 1. "Without special authority, attorneys can not receive anything in discharge of a client's claim but the full amount in cash." Civil Code (1910), § 4956; *Patterson* v. *Childs,* 9 *Ga. App.* 646 (72 S. E. 45).

2. The court did not err in sustaining the certiorari and entering final judgment in the plaintiff's favor. *Judgment affirmed.*
DECIDED APRIL 2, 1912.

Certiorari; from Decatur superior court—Judge Frank Park. November 16, 1911.

*A. E. Thornton,* for plaintiffs in error. *W. H. Krause,* contra.

---

### 3933. CHURCH v. CITY OF ATLANTA.

RUSSELL, J. Under the facts appearing in the record, it was error to refuse to postpone the trial in the recorder's court for one day to enable counsel for the defendant to prepare his defense. *Judgment reversed.*
DECIDED APRIL 2, 1912.

Certiorari; from Fulton superior court—Judge Pendleton. November 28, 1911.

*Frank L. Haralson,* for plaintiff in error.
*J. L. Mayson, W. D. Ellis Jr.,* contra.