### 6105.  CARTERSVILLE GROCERY COMPANY *v.* ROWLAND.

RUSSELL, C. J.  1.  The goods having been shipped with the bill of lading attached to a draft, the title to the goods remained in the consignor or his assigns; and the defendant, as the purchaser, was not concerned in the loss of a portion of the shipment until it had paid the draft and secured a transfer of the bill of lading by indorsement.

2. Upon several essential features this case is controlled by the ruling of this court in *Brunswig* v. *East Point Milling Co.,* 11 *Ga. App.* 9 (74 S. E. 448) ; and for this reason the trial judge erred in overruling the motion for a new trial.

(*a*) Parol evidence of custom is admissible only to show such universal practice as to justify the conclusion that it became by implication a part of the contract; and an express provision in a contract as to quality or quantity of the thing purchased will prevent the custom from becoming a part of the contract and render parol evidence as to the custom inadmissible. *Park* v. *Piedmont Ins. Co.,* 48 *Ga.* 601; *Merchants Bank* v. *Demere,* 92 *Ga.* 742 (19 S. E. 38) ; *Emery* v. *Atlanta &c. Exchange,* 88 *Ga.* 321 (14 S. E. 556) ; *Vardeman* v. *Penn Mut. Life Ins. Co.,* 125 *Ga.* 117 (54 S. E. 66, 5 Ann. Cas. 221) ; *Haupt* v. *Phœnix Ins. Co.,* 110 *Ga.* 146, 149 (35 S. E. 342).

(*b*) A contract for the delivery of 240 sacks of seed-potatoes, embracing a specified number of sacks of each of three named varieties of potatoes, of different values and prices, is not complied with by tendering at the point of delivery 237 sacks of the potatoes. But while this is true, the circumstances attending the receipt of the shipment and the attempt to deliver it, together with the subsequent negotiations between the parties, might authorize a jury to find either that the purchaser waived his right to insist upon the exact quantity ordered, or that the vendor's tender to supply the deficiency in the quantity specified in the contract reasonably amounted to a compliance, under the peculiar facts of this case, especially in view of the fact that at that time none of the shipment had been delivered to or accepted by the purchaser.

(*c*) Failure by the purchaser to assign the variation in quantity as the reason for his refusal to accept the potatoes was not a waiver of his right to plead the seller's failure to comply with the contract in respect to quantity.

3. It is unnecessary to consider the merits of the assignments of error not dealt with above.  Some of them depend upon the credibility of wit-

nesses, and others relate to matters not likely to recur upon another trial.                                  *Judgment reversed.*

DECIDED SEPTEMBER 9, 1915.  REHEARING DENIED OCTOBER 2, 1915.

Action on contract; from city court of Cartersville—Judge Moon.  October 10, 1914.

*Neel & Neel,* for plaintiff in error.

*John T. Norris,* contra.