7657. GRANTVILLE OIL MILLS *v.* HOGANSVILLE OIL MILL COMPANY.

JENKINS, J. 1. Where a petition shows that by one contract the plaintiff agreed to deliver to the defendant fifty tons of cottonseed at a stated price, and, by a subsequent contract with the defendant, obligated himself to furnish fifty tons of cottonseed at an agreed price, each of the contracts must be construed as entire; and no compliance with the terms of either is shown where the allegations of the petition show that the seller tendered under the first contract forty-one and two thirds tons of cottonseed, and subsequently, under the second contract, tendered fifty-four and eight ninths tons. Under these facts, as disclosed by the plaintiff's petition, the provisions of section 4131 of the Civil Code of 1910 have no application, as the purchaser had the right to treat each of the contracts as breached, and to refuse acceptance of both tenders. *Brunswig* v. *East Point Milling Co.,* 11 *Ga. App.* 9 (74 S. E. 448); *Cartersville Grocery Co.* v. *Rowland,* 17 *Ga. App.* 42 (86 S. E. 402); *DeVaughan* v. *Ohio Pottery & Glass Co.,* 12 *Ga. App.* 50 (76 S. E. 793); *Green* v. *Freeman,* 126 *Ga.* 274 (55 S. E. 45, 7 Ann. Cas. 1069); *Central Georgia Brick Co.* v. *Carolina Portland Cement Co.,* 136 *Ga.* 693 (71 S. E. 1048).

2. Especially is this true under the facts of this case, where the petition shows on its face that the tender of the seed was accompanied by a draft for payment which included an overcharge of $343.06. *Kaufman* v. *Austin,* 57 *Ga.* 87; *Johnson* v. *Latimer,* 71 *Ga.* 470.

3. The fact that the contract may have provided that the weights were to be guaranteed by the seller does not alter the rule here followed as announced by numerous decisions of our courts. Such a provision would operate as an express warranty of the correctness of the weights

of such shipments, but would not relieve the seller from a substantial compliance with the terms of the contract.

4. This case being controlled by the rulings cited, the judge erred in refusing to sustain the demurrer to the petition.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED FEBRUARY 16, 1917.

Action on contract; from city court of Newnan—Judge Post. June 16, 1916.

*Hall & Jones,* for plaintiff in error. *W. G. Post,* contra.