Appeal; from Chatham superior court — Judge Meldrim. July 27, 1922.

*H. P. Cobb,* for plaintiff in error.   *H. G. Dukes,* contra.

---

### 13932.   CURRY GROCERY COMPANY *v.* BROWN.

STEPHENS, J. 1. This being a suit by a seller to recover of the purchaser for an alleged breach of contract by the latter, in refusing to accept and pay for goods of a value in excess of $50, tendered under an executory contract of sale required to be in writing, where the defendant pleads that the contract is not in writing and therefore unenforceable under the statute of frauds, and it appearing that there was no promise in writing signed by the defendant, but that the written memorandum purporting to embody the terms of an alleged contract was signed by a person who, under the undisputed evidence, was the agent of the plaintiff and not the agent of the defendant, the contract sued on did not meet the requirements of the statute, and therefore, unless subsequently taken without the statute, would not authorize a recovery for the plaintiff.   Civil Code (1910), § 3222.

2. Part performance by the seller of another contract, materially different from the contract sued upon, is not a part performance of the contract sued upon, and therefore will not operate to take the contract sued upon without the statute of frauds.   Where the contract sued upon provides for the sale and delivery by the plaintiff to the defendant of 1500 bushels of oats upon certain terms and conditions, and where the plaintiff, instead of complying with the terms and conditions of the contract sued upon and tendering to the defendant 1500 bushels as contracted for, tenders to him 2000 bushels of oats upon the condition that the defendant pay a sum of money in excess of the amount due under the contract sued upon, such conduct upon the part of the plaintiff does not amount to an effort on the plaintiff's part to perform the contract sued upon, and can not be regarded as a part performance of the same.   Civil Code (1910), § 3223; *Brunswig* v. *East Point Milling Co.,* 11 *Ga. App.* 9 (74 S. E. 448).

3. The contract sued on being unenforceable as against the defendant's plea of the statute of frauds, and the plaintiff therefore being prevented from any recovery whatsoever upon the contract, no question of an

alleged estoppel of the defendant, in giving as a reason for his refusal to accept the goods, when a delivery was tendered, a ground other than that the amount tendered and for which payment was demanded was in excess of that contracted for, can be of any avail to the plaintiff. Conceding that the defendant's attitude in declining the shipment upon the ground that it had not been delivered in accordance with certain provisions of the contract amounted to such an estoppel as would prevent him from thereafter defending upon the ground that the amount tendered was in excess of the contract, such estoppel would only operate so far as the defense relied upon is predicated upon the contract, but will not operate to estop the defendant from denying the existence of the contract, or that the contract, by reason of the statute of frauds, is enforceable.

4. The defense pleaded by the defendant was, under the undisputed evidence, established as a matter of law, and the verdict found for the plaintiff was therefore unauthorized.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 13, 1923.

Action on contract; from city court of Valdosta — Judge Little. August 21, 1922.

*Whitaker & Dukes,* for plaintiff in error.

*W. L. Cranford,* contra.