### 13963.   UNION BROKERAGE CO. *v.* BEALL BROS.

STEPHENS, J. 1. The rule which prevents one who. has given a reason for his conduct and decision in a matter from placing his conduct upon another and different ground after litigation has begun is but an application of the principle of estoppel in pais, and applies only where

his conduct has caused another to act respecting the matter to the injury and detriment of the latter, and where the latter would be placed at an inequitable disadvantage should the former be allowed to rely upon a ground other than that urged as a reason for his conduct and decision in the matter. Civil Code (1910), §§ 5736, 5738; *Hancock* v. *King*, 133 *Ga.* 734 (2) (66 S. E. 949); *Delaware Ins. Co.* v. *Penn. Fire Ins. Co.*, 126 *Ga.* 380 (8) (55 S. E. 330, 7 Ann. Cas. 1134); *Carter-Moss Co.* v. *Lomax*, ante, 718; *James F. Drew Co.* v. *Breedlove*, ante, 722; 21 C. J. 1133; 10 R. C. L. 697. This rule is not in conflict with *Tuggle* v. *Green*, 150 *Ga.* 361 (104 S. E. 85), where the conduct there held to amount to an estoppel in pais placed the opposite party in a situation where he would have suffered an injury had the other party not been held estopped by his conduct. See the certified question on page 366.

2. Where a purchaser under a contract of sale, which contains no time stipulation as to delivery, refuses to accept the property, upon the ground that the contract has been formerly terminated, the purchaser is not thereafter estopped, in a suit by the seller upon the contract, from setting upon the defense of failure of consideration, or a breach of warranty, since the seller, by the purchaser's refusal to accept the property sold upon the particular ground urged, was not induced to do anything to his disadvantage.

3. The uncontradicted evidence of the addressee of a letter that the letter had never been received is sufficient as a matter of law to rebut conclusively any inference, which may be drawn from evidence that the letter had been posted and properly addressed, that the addressee had received the letter. But the evidence of the addressee alone, where it does not appear that such evidence is uncontradicted, that such properly posted and addressed letter was not received, is not sufficient as a matter of law to rebut conclusively the inference drawn from the posting and properly addressing of the letter that it had been received, but his evidence, if believed by the jury, will rebut such inference, and a charge to this effect is not subject to the objection that it is an incorrect statement of the law. Where, however, there is no other evidence in the record contradicting the evidence that such letter had not been received by the addressee, and there is nothing in the evidence tending to impeach such testimony, or otherwise show any infirmity therein, such charge as given is inapplicable to the facts. Where one of the defenses interposed by the defendant was that he had, by a letter addressed to the plaintiff, countermanded the order before the acceptance by the plaintiff, and there was evidence to authorize a verdict for the plaintiff, a verdict found for the defendant should have been set aside by reason of the foregoing error in the charge of the court.

> *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*
> Decided September 22, 1923.

Complaint; from city court of Dublin — Judge Sturgis. August 12, 1922.

*Larsen & Crockett,* for plaintiff.