DECIDED JANUARY 23, 1930.

McCutchen, Bowden & Gaggstatter, for plaintiff in error. George C. Palmer, contra.

19641. JOINER v. METROPOLITAN LIFE INSURANCE CO.

JENKINS, P. J. Liability under the policy of group insurance sued on was conditioned and dependent on the decedent's remaining in the service of his employer, the railway company, up to the time of his death. The court granted a nonsuit, on the theory that the employment had been previously terminated; and the only question for determination in this case is as to whether there was an issue of fact on that question. Whatever might be the rule as to the burden of proof on this question (see, in this connection, Duval v. Metropolitan Life Ins. Co., 82 N. H. 543, 136 Atl. 400; Travelers Ins. Co. v. Fox, 155 Md. 210, 141 Atl. 547), upon its being shown that the employer had, according to the provisions of the policy, collected from the deceased the premium for the month

during which the deceased died, a prima facie case was established, and it devolved upon the insurance company to show that the employment had been terminated prior to the death of the insured. In view of the fact that under the terms of the policy a leave of absence not exceeding two months would not invalidate the insurance, and that at the time the decedent was last paid off and his actual labor for the railway company suspended, the premium for the full current month, extending over and beyond the date on which the insured met his death, was deducted from his wages and remitted to the company, and that at such time a return-trip pass was issued by the railway company to the decedent as its employee, which likewise remained of force over and beyond the date on which the insured met his death, and in the absence of any direct testimony upon the question whether the relation of employer and employee had actually been terminated before the insured's death, it was error for the court to grant a nonsuit on the theory that no issue was involved upon the question of the continuance of such employment.

The fact that the petition as originally filed might have set forth such a termination of the employment would not, after such allegation had been stricken and a contrary allegation substituted, conclusively operate against the plaintiff's contention.

Nor could the declarations of the insured's employer, whose duty it was under the terms of the policy to collect and transmit the premiums, to the effect that the employment had been previously terminated, made to the insurance company after the death of the insured, be accounted to be the declaration of an agent of the insured so as to bind the claimant under the policy. See, in this connection, Civil Code (1910), § 2443.        *Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 23, 1930.

*Martin, Martin & Snow,* for plaintiff.
*Jones, Jones, Johnston & Russell,* for defendant.