20648. SAMS COMPANY INC. *v.* JEWELL-LOUDERMILK COMPANY *et al.*

JENKINS, P. J.  1. Where a suit is instituted against a warehouseman licensed under the provisions of the act of Congress approved August 11, 1916, known as the United States warehouse act (39 Stat. 486), and also against the surety on the bond given pursuant to that act, to secure the faithful performance of the obligations of the warehouseman under the laws of the State and the terms of the act, for an alleged breach of the condition of the bond, the petition, to state a cause of action, must set forth facts which constitute a violation of the obligations resting upon the warehouseman under the law.

2. A warehouseman bonded and licensed under the provision of the act of Congress referred to is bound, in the absence of some lawful excuse, without unnecessary delay, to "deliver the agricultural products stored therein upon a demand made either by the holder of a receipt for such agricultural product or by the depositor thereof if such demand be accompanied with (a) an offer to satisfy the warehouseman's lien; (b) an offer to surrender the receipt, if negotiable, with such indorsements as would be necessary for the negotiation of the receipt; and (c) a readiness and willingness to sign, when the products are delivered, an acknowledgment that they have been delivered if such signature is requested by the warehouseman." Act of Congress of Aug. 11, 1916, 39 U. S. Stat. 489, § 21.

3. In the instant case the alleged breach of the condition of the warehouseman's bond, as set forth by the petition, consisted in a failure to deliver certain bales of cotton stored therein, for which, the petition alleges, the warehouseman had issued negotiable warehouse receipts. It was not alleged by the petition that the demand made upon the warehouseman was accompanied by an offer, on the part of the person making the demand, to surrender the negotiable receipts *with such indorsements as would be necessary for the negotiation of the receipts.* Consequently the petition failed to set forth a right upon the part of the person making the demand so to do, or a violation by the warehouseman of the obligation resting upon him under the provisions of the act, such as would give rise to an action upon the bond. The ruling here made is not in conflict with that of this court in *Evans* v. *Cannon,* 34 *Ga. App.* 467 (130 S. E. 76), since in that case the receipt issued by the warehouseman and transferred, without indorsement, to a bona fide purchaser recited that the property had been received "to be delivered on

presentation of this receipt, on payment of customary charges," and such receipt constituted a symbol of the property, the delivery of which was sufficient to pass title to the property, whereas in the instant case the receipts issued by the warehouseman were negotiable on their face, and the terms of the act of Congress under which they were issued expressly conferred upon the warehouseman the right to require a person presenting such receipts and demanding the products represented thereby to show his title thereto by "such indorsements as would be necessary for the negotiation of the" receipts.

4. The fact that the warehouseman, upon demand being made for the product, may have assigned, as the reason for his failure to deliver it, some reason other than the failure of the person making the demand to offer to surrender the receipts with the necessary indorsements would not operate to charge the rule, where it does not appear that such action on the part of the warehouseman caused the plaintiff to act respecting the matter to its injury and detriment. *Union Brokerage Co.* v. *Beall*, 30 *Ga. App.* 748 (119 S. E. 533).

5. Under the foregoing rulings, the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 16, 1931.

*A. C. Wheeler,* for plaintiff.
*W. V. Lance, C. N. Davie, Pearce Matthews,* for defendants.