### 24953. FRIEDLANDER *v.* WEAR-WELL CORPORATION.

JENKINS, P. J. 1. Where goods are selected and set apart for future shipment, subject to credit arrangements being made; and where, upon such arrangements being made, the seller ships to the purchaser what the seller claims to be the identical goods selected and set apart; and where the purchaser, though making complaint of alleged substitutions in the goods, not only fails to release custody, dominion, and control of the goods as thus tendered, but refuses to return them on demand by the seller, the purchaser, on being sued for the purchase-price, can not be permitted, by offering in his plea for the first time (more than eleven months after delivery), to return the goods, to recoup damages for a breach of the contract in the amount represented by the difference between the contract price and the market value on the date of delivery. On such a tender being made by the seller as in exact compliance with the contract of purchase, it was the privilege of the purchaser to reject the shipment, and prove, if he could, that the seller had breached the contract by substituting, either in whole or in part, goods other than those contracted for; and after so doing, he could set up by

way of recoupment any damage arising from the non-delivery of the particular goods actually purchased. But where the goods were tendered as representing those which had been actually selected and set apart for future delivery, the purchaser could not receive and continue to hold them for nearly a year over the protest and demand of the seller that they be returned if not accepted, for the purpose of driving a bargain in a claim for damages on account of the alleged breach of contract by the seller. The purchaser, as against the non-resident seller, might have refused the shipment and levied on it by attachment for the purpose of enforcing a claim of damages; but having received and unlawfully retained the shipment under the tender as made, and, by his refusal to return the goods after demand of the seller, having thus converted them to his own use, the purchaser is estopped to deny an acceptance of the goods under the tender as made.

2. In addition to the plea of the purchaser that he was damaged on account of a breach of the contract by reason of the plaintiff having made substitutions in the goods delivered, he pleaded a breach by reason of the plaintiff having failed to deliver or tender seven of the suits of clothes purchased, and claimed the damages represented by the difference between the contract price and the market price on the date for delivery of these articles. While it is true that the defendant, in protesting as to the alleged substitutions in the articles, did not include any complaint that there was a shortage in the shipments, yet "the rule which prevents one who has given a reason for his conduct and decision in a matter from placing his conduct upon another and different ground after litigation has begun is but an application of the principle of estoppel in pais, and applies only where his conduct has caused another to act respecting the matter to the injury and detriment of the latter, and where the latter would be placed at an inequitable disadvantage should the former be allowed to rely upon a ground other than that urged as a reason for his conduct and decision in the matter." *Union Brokerage Co.* v. *Beall*, 30 *Ga. App.* 748 (119 S. E. 533). There was evidence authorizing, if not demanding, a finding that at the time for delivery the market price of the seven undelivered suits of clothes had increased $5 a suit above the contract price. Since this increase in the market price of the undelivered articles had already accrued at the time when the purchaser could have made complaint of their non-delivery, his failure so to complain when he made complaint as to the delivered articles could not have resulted in injury or detriment to the seller, so as to evoke an application of the principle of estoppel and prevent the defendant from recouping his damage from the undelivered articles in this suit for the contract price of the delivered articles. Since the direction of a verdict in favor of the plaintiff for the full amount sued for was erroneous only to the extent of precluding a recoupment of this item of $35, the judgment refusing a new trial is affirmed on the condition that the plaintiff, at or before the time when the remittitur is made the judgment of the trial court, shall write off this amount from his recovery; otherwise the judgment is reversed.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*

DECIDED DECEMBER 16, 1935.

288

*Lee W. Branch, Copeland & Dukes,* for plaintiff in error.
*Franklin & Eberhardt, H. Langdale,* contra.