25657. FLEISCHER KNITTING MILLS INCORPORATED
*v.* GREENBERG *et al.*

DECIDED NOVEMBER 18, 1936.

*H. H. Elders, John P. Rabun,* for plaintiff.

*P. M. Anderson,* for defendants.

JENKINS, P. J. The plaintiff sued on open account for the purchase-price of two hundred and forty children's dresses, based on a single order signed by the purchaser, and providing: "No returns accepted, unless merchandise is imperfect and we are previously notified to that effect." Without pleading that the contract was severable, the answer set up that there was a partial failure of consideration as to the garments, in that they were defective, not merchantable, and had to be taken back from customers, to the extent of the difference between the $375.76 sued for and $118.52, which they tendered to plaintiff before suit and in the answer. The proof showed that on the day the goods were delivered the defendants shipped back the dresses, except those amounting to the sum tendered. In their letter to the plaintiff, explaining the rejection, the only reason assigned was that they needed only a small quantity, requested the salesman so to write up the order, and on his failure so to do they kept only what they could use. In a later return of another dozen dresses, they assigned no reason except that the goods were not of "desirable colors." After the receipt by the seller of a card from the express company, following the return shipment, the seller notified the purchasers to recall the goods promptly and avoid the storage charges. The purchasers wrote to the seller, refusing to do so. There was no evidence to show that either of the parties receded from this position; and so far as the evidence indicates, the goods remained in the hands of the express company. There was no pleading or proof of fraud by the salesman with reference to the signed order. There was no evidence to sustain the plea of partial failure of consideration. While one of the defendants testi-

fied that "the goods were not like the samples," that as to the retained goods "a great loss" was sustained "because of the defects therein," that she "could easily tell that they were not well made," and she discovered the defects in the goods on the day they arrived, yet she did "not recall exactly what amounts of money [she] returned to the customers who had bought these goods;" and there was no evidence or data to show or indicate any difference in market value of the goods contracted for and those delivered, or the amount of loss sustained by the defendants. The defense set up in the answer, as a ground for the rejection, that the rejected goods were defective and not merchantable, was not stated to the plaintiff before the filing of the answer.

1. The contract of sale, covering one lot of merchandise, evidenced by a single written order, and expressly providing that no returns of goods would be accepted unless the merchandise was imperfect and the seller was previously notified to that effect, was an entire and not a severable contract. Code, §§ 96-112, 20-112; *Willett Seed Co.* v. *Kirkeby-Gundestrup Seed Co.,* 145 *Ga.* 559 (89 S. E. 486); *Henderson Elevator Co.* v. *North Ga. Milling Co.,* 126 *Ga.* 279 (2, 3), 282 (55 S. E. 50); *Grantville Oil Mills* v. *Hogansville Oil-Mill Co.,* 19 *Ga. App.* 411 (91 S. E. 572).

2. "Where a contract for the purchase of goods is entire, the whole contract stands or falls together. In such a case the purchaser can not accept a part of the goods and reject the remainder. . . Where the purchaser rejects a part of the goods sold under an entire contract, because the rejected goods are of a quality inferior to those contracted for, he is not bound for the full amount of the agreed price, but is to be treated as if he had accepted goods of a quality inferior to that covered by an express warranty. In such a case the purchaser is entitled to an abatement in a sum which represents the difference between the market value of the goods contracted for at the time and place of delivery and of those which the seller sought to deliver." *DeVaughn* v. *Ohio Pottery &c. Co.,* 12 *Ga. App.* 50 (76 S. E. 793), and cit.; *Henderson Elevator Co.* v. *North Ga. Milling Co.,* supra; *Wright* v. *Pearson,* 48 *Ga. App.* 207 (2) (172 S. E. 590). In the instant case the defendants did not plead that the contract was severable; and in support of their plea seeking an abatement in the purchase-price, or setting up a partial failure of consideration by reason of the al-

leged inferiority of the goods, they offered no evidence to show or indicate the amount of their loss. For this reason, the verdict in favor of the plaintiff for only the $118.52 tendered, instead of the full purchase-price sued for, was contrary to law as without evidence to support it, and it was error to refuse a new trial to the plaintiff.

3. A purchaser who bases his rejection of goods upon a stated particular reason is precluded, after litigation has begun, from changing his ground and basing his conduct upon other objections of which he had knowledge and which he might have urged at the time of the rejection, provided that the seller has been injured by such conduct. This rule "is but an application of the principle of estoppel in pais, and applies only where [the] conduct has caused another to act respecting the matter to the injury and detriment of the latter, and where the latter would be placed at an inequitable disadvantage should the former be allowed to rely upon a ground other than that urged as a reason for his conduct and decision in the matter. . . This rule is not in conflict with *Tuggle* v. *Green*, 150 *Ga.* 361 (104 S. E. 85), where the conduct there held to amount to an estoppel in pais placed the opposite party in a situation where he would have suffered an injury had the other party not been held estopped by his conduct." *Union Brokerage Co.* v. *Beall*, 30 *Ga. App.* 748 (119 S. E. 533); *Cobb Lumber Co.* v. *Sunny South Grain Co.*, 36 *Ga. App.* 140 (2) (135 S. E. 759); *Sams Co.* v. *Jewell-Loudermilk Co.*, 42 *Ga. App.* 676 (4) (157 S. E. 336); *Friedlander* v. *Wear-Well Corporation*, 52 *Ga. App.* 285 (2) (183 S. E. 8). The undisputed proof in this case showing that the defendants, at the time of their rejection of goods, assigned as the only reasons that the shipment overstocked them, and (without pleading or showing fraud) that the salesman who took their signed order wrote it up for a quantity larger than requested, and that the goods were not of "desirable" colors, and showing that the defendants did not complain to the plaintiff as to the quality of the goods until they made this, the only, defense in their answer, and further indicating that the seller allowed the returned goods to remain in the hands of the express company subject to the accumulation of storage charges, under these reasons as previously assigned by the defendants, this was a sufficient showing, at least presumptively, of injury to the seller, since the rea-

sons assigned were plainly without merit; and if the reason pleaded in the litigation had been promptly assigned by the defendants at the time of the rejection, the plaintiff could have protected itself and prevented the accumulation of storage charges by retaking the goods from the express company. For this additional reason, a verdict for the plaintiff was demanded.

*Judgment reversed. Stephens and Sutton, JJ., concur.*