27024. FLEISCHER KNITTING MILLS INC. *v.* UNION DRY GOODS STORE.

DECIDED NOVEMBER 8, 1938.

*B. D. Dubberly, John P. Rabun,* for plaintiff.

*P. M. Anderson,* for defendant.

GUERRY, J.   Fleischer Knitting Mills Inc., brought suit against Union Dry Goods Store, a partnership composed of Louis Greenberg and Mrs. E. Wolfson, on an itemized account for $375.76, with interest from December 1, 1933, said account being for goods, wares, and merchandise alleged to have been sold and delivered to the defendant.   The suit was returnable to the June term, 1934, of the city court of Reidsville.   The defendants filed an answer in which they admitted "the reception of the goods sued for; that the price was as set out in said suit, and that said goods have not been paid for, although according to the sale terms said account is due."   For further answer it was alleged that the goods were not merchantable or reasonably suited to the uses intended (setting out the particular defects), necessitating defendants taking back practically all of the garments sold to customers and refunding the money paid therefor; that therefore there was a failure of consideration to the amount of the difference between $118.52 and the amount of the claim; that on December 10, 1933, they tendered to the plaintiff $118.52, in the form of a check on the Peoples Savings Bank of Lakeland, Florida, and returned to plaintiff the balance of the merchandise on hand, which tender the plaintiff refused.   At the March term, 1935, the defendants amended their answer and alleged the merchandise was sold by sample, and that the goods as

delivered did not come up to the sample. The case went to trial, and a verdict was rendered for the plaintiff for the amount tendered by the defendants. Upon appeal to this court it was held that there was not sufficient evidence to support the plea of partial failure of consideration, and further, that even so, since the defendants at the time of the rejection "assigned as the only reasons that the shipment overstocked them, and (without pleading or showing fraud) that the salesman who took their signed order wrote it up for a quantity larger than requested, and that the goods were not of 'desirable' colors, and showing that the defendants did not complain to the plaintiff as to the quality of the goods until they made this, the only, defense in their answer, and further indicating that the seller allowed the returned goods to remain in the hands of the express company subject to the accumulation of storage charges, under these reasons as previously assigned by the defendants, this was a sufficient showing, at least presumptively, of injury to the seller, since the reasons assigned were plainly without merit; and if the reason pleaded in the litigation had been promptly assigned by the defendants at the time of the rejection, the plaintiff could have protected itself and prevented the accumulation of storage charges by retaking the goods from the express company. For this additional reason, a verdict for the plaintiff was demanded." *Fleischer Knitting Mills Inc.* v. *Greenberg,* 54 *Ga. App.* 552 (188 S. E. 458).

Thereafter, when the case was returned to the court below, the defendants amended their answer by striking the pleas heretofore set out, and setting up that the merchandise sued for was purchased by the Lillyan Dress Shop of Lakeland, Florida, which was owned and operated by Lillyan Greenberg, a near relative of the defendants; that defendants were in no way "concerned or connected" with the purchase; that on several occasions, in order to help their near relative, "they had guaranteed payment of particular orders for goods bought by her, and this was in every instance by letter from defendants to the plaintiff, in which they stated that they would so guarantee payment. Defendants did not keep copies of such letters, nor did they in any other way keep an account of such guarantees; consequently when suit was brought on the account in this case by the plaintiff representing that it was guaranteed by defendants, they had no way of knowing that it was

not so guaranteed, and did not know that it was not until after the trial of the case, but they did learn after said trial that the payment of the account was not guaranteed by them, and plaintiff well knew that it was not." They alleged further that they did not give the order for said merchandise, did not guarantee the payment thereof, did not know anything about the purchase of it, and were not connected in any way with its purchase, nor did they at any time authorize any one else to use their name in its purchase, nor have they ever ratified the order, purchase, or reception of said merchandise, nor are they in any way connected therewith, and did not know that it was purchased until so informed by plaintiff's suit. No objection was made to this amendment. At the trial the plaintiff introduced in evidence the original answer of the defendants, the amendment thereto, and the written order for the goods billed to Union Dry Goods Company, and executed in its behalf by Lillyan Dress Shop by L. Greenberg. John P. Rabun, attorney for the plaintiffs, testified that on the original trial of the case the attorney for the defendants announced to the court that he wished to offer another amendment to their answer, which proposed amendment set up substantially the same defense as that now interposed; that the court stated that such amendment would be allowed when reduced to writing, and the witness as attorney for the plaintiff stated to the court that he would have to plead surprise and ask for a continuance; that the court ruled that the continuance would be allowed; that thereupon the attorney for the defendant stated that he would not offer such amendment if the trial might proceed then and there on the issue already formed; that it was so agreed in open court, the offer to amend was withdrawn, and the case proceeded to trial. Evidence was introduced by the defendants under the above plea, and the jury returned a verdict in their favor. The plaintiff excepted to the overruling of its motion for new trial.

Under the evidence introduced, a verdict in favor of the defendants can not be upheld, and the judge should have granted a new trial. It appears without dispute that Lillyan Greenberg, owner of the Lillyan Dress Shop, purchased the bill of goods purportedly as the duly authorized agent of the defendants. She signed the defendants' name to the order therefor. When sued on the account (the signed order being attached to the petition), the de-

fendants necessarily knew whether Lillyan Greenberg, operating as the Lillyan Dress Shop, had authority to purchase the goods on their behalf. They filed an answer; and instead of setting up any absence of authority in Lillyan Greenberg to so act in their behalf, and repudiating the contract, they expressly admitted her authority, treated the contract as their own, and sought to plead a partial failure of consideration. If such an admission made in pleadings amounts to a ratification of her acts as their agent (and it would seem that it would amount to an express ratification), it would be conclusive and could not be revoked, even though the admission might thereafter be stricken from the pleadings. Code, §§ 4-101, 4-303. While it is the general rule that when admissions are made in pleadingss and are withdrawn or stricken by amendment, they can not be used by the opposite party as solemn admissions in judicio, so as to work an estoppel of the party making them to deny them (Code, § 81-402; *Bray* v. *C. I. T. Corporation,* 51 *Ga. App.* 196 (7), 179 S. E. 925; *Mims* v. *Jones,* 135 *Ga.* 541, 544, 69 S. E. 824; *Payne* v. *Rivers,* 28 *Ga. App.* 28 (2), 110 S. E. 45; *Elliott* v. *Marshall,* 179 *Ga.* 639, 176 S. E. 770; *McConnell* v. *Gregory,* 146 *Ga.* 475, 91 S. E. 550; *Joiner* v. *Metropolitan Life Insurance Co.,* 40 *Ga. App.* 740, 151 S. E. 540; *Watkins* v. *Price Mercantile Co.,* 45 *Ga. App.* 272, 164 S. E. 231), yet it is questionable, where, as in this case, the admission by defendants is with reference to the authority of another who purported to act as their agent, and as such amounts to a ratification of the act of such person as agent, and where made with knowledge of all the facts, whether such ratification can be revoked. It has been held that the institution of a suit by a principal in his own name is a ratification of the agent's unauthorized act. *Preston* v. *Dozier,* 135 *Ga.* 25 (2) (68 S. E. 786). See also *Dolvin* v. *American Harrow Co.,* 131 *Ga.* 300 (8, 9) (62 S. E. 198). However, we will not rest our decision of the case upon a determination of this question. It affirmatively appears that the defendants, from the time of the bringing of the action in 1934 until the case was retried in 1937, have, by their conduct of the case, led the plaintiff to believe that the contract was their contract. By their pleadings and conduct they expressly treated the contract as their own. They expressly withdrew an offer to plead to the contrary at the first trial, and stood upon a defense which this court ruled was untenable. It

appears from the evidence that since the first trial of the case Lillyan Greenberg has ceased to do business as the Lillyan Dress Shop, and has departed to "somewhere up north," as expressed by one of the defendants. The assets of the Lillyan Dress Shop owned by Lillyan Greenberg have been done away with, and the plaintiff can not now go to her former known residence and obtain a judgment and satisfy the same from those assets as the property of Lillyan Greenberg, as it might have done had the defendants pleaded non est factum at the first trial. We think that this is sufficient showing, at least presumptively, of detriment to the plaintiff, as will now estop the defendants from denying the contract and setting up that it was the contract of Lillyan Greenberg. For the above reason the judgment denying a new trial is

*Reversed. Broyles, C. J., and MacIntyre, J., concur.*