**WASHINGTON NATIONAL INSURANCE COMPANY, Appellant,**

v.

**J. D. BURCH, Appellee.**

**No. 18599.**

United States Court of Appeals
Fifth Circuit.

Aug. 4, 1961.

J. Lundie Smith, Valdosta, Ga., for appellant.

D. Dudley Smith, Will Ed Smith, Eastman, for appellee.

Before JONES and BROWN, Circuit Judges, and DE VANE, District Judge.

DE VANE, District Judge.

This is the second appearance of this case before this Court. The decision of this Court upon the first appeal is reported in 270 F.2d 300. When the case was here before, the decision of the District Judge was reversed on the ground that the defenses sought to be interposed by the appellant were not foreclosed by the incontestable clause of the Master Policy and the case was sent back to the District Court for trial on the merits.

The case was then tried to a jury and after the introduction of evidence and argument of counsel, the case was submitted to the jury, which returned a verdict for the appellee in the full face amount of the insurance. It is this judgment that is now before this Court.

Briefly summarized, the facts are as follows: Appellant issued a Master Policy of group life insurance to the American Turpentine Farmers Association Cooperative, an incorporated association of Valdosta, Georgia, referred to in the policy as the "Holder". The Master Policy bound the insurance company to pay, upon the death of an insured person, "the sum to which such insured person is entitled in accordance with the classification specified in the Schedule of Insurance" set out in the Master Policy.

The Schedule of Insurance included various classifications of "insured persons", and limited the amount of insurance which eligible persons within each group might obtain upon the basis of the individual's "classification" within the group. Only two of the Classifications are relevant here.

1. Owners, Executives and Directors with 20,000 or more "faces" (trees being worked for turpentine) $10,000.00

1A. Owners, Executives and Directors with less than 20,000 "faces" $2,500.00

The Master Policy was put into effect and operation on August 1, 1955, and appellant sent into the area an agent to solicit insurance from the individual members of the American Turpentine Farmers Association Cooperative.

W. A. Burch was in the turpentine business with two of his sons, J. D. Burch and L. R. Burch, doing business as Burch Brothers. The three members of the firm desired insurance as follows: J. D. Burch $10,000, W. A. Burch $5,-000, L. R. Burch $1,000. The insurance agent of appellant required each to take a $10,000 policy, which was issued and became effective on September 1, 1955.

L. R. Burch died in October, 1956, and the insurance company paid his beneficiary the $10,000 provided for in the policy held by him. After his death, the partnership was continued on the same basis with Mrs. L. R. Burch substituted for her deceased husband. She obtained a $10,000 policy of insurance on her life.

Premiums on the $10,000 insurance policy on the life of W. A. Burch were paid as required by the policy through December, 1956. W. A. Burch suffered a heart attack on November 17, 1956, and died on December 3, 1956.

The latter part of October, 1956, a representative of the Turpentine Cooperative (holder) endeavored to obtain from the office of the Naval Stores Conservation Program at McRae, Georgia, the exact number of "faces" that Burch Brothers were working on September 1, 1955, and he ascertained from these rec-

ords that the total number of turpentine faces being worked was a little more than 18,000. On November 9, 1956, he wrote a letter to J. D. Burch advising that he had found that in 1955 18,270 faces were being worked, that an honest mistake had been made and that it was necessary to reduce the amount of insurance on J. D. Burch and W. A. Burch from $10,000 to $2,500, as well as the insurance on Mrs. L. R. Burch, who had succeeded to her husband's interest in the partnership. He further advised that this reduction would be effective November 1, 1956, and that he would forward new policies at an early date. The substitute certificates in the amount of $2,500 each were never issued to either member of the partnership.

Shortly after the letter of November 9, 1956, was written to J. D. Burch advising him of the necessity to reduce the insurance from $10,000 to $2,500 on each of the partners, the representative of the Cooperative Association discovered that he had made an error in determining that Burch Brothers operated less than 20,000 faces and he thereupon restored the $10,000 insurance to J. D. Burch and Mrs. L. R. Burch to conform to the actual facts in the case. W. A. Burch had died before this error was discovered and for this reason the records of the holder were not corrected as to him.

Appellant contends that as the American Turpentine Farmers Association Cooperative was the agent of the insured and not the insurance company at the time he wrote the letter of November 9, 1956, his action cancelled out the $10,-000 policy on the life of W. A. Burch. Appellant admitted its liability to the extent of $2,500, but is here contesting its liability on the full face of the policy issued to the insured when he acquired the same on September 1, 1955, and which he had continuously kept in force up until the date of his death.

In its answer to the complaint filed herein, appellant specified eight defenses, most of which it abandoned when the case came on for trial and none of which it successfully supported with evidence at the trial. It is now before the Court on two specifications of error as follows:

1. The Court erred as a matter of law in denying appellant's motion for a new trial because of the absolute absence of evidence to support the jury verdict.

2. The Court abused his discretion in denying appellant's motion to set aside the verdict, vacate the judgment, and grant a new trial in view of the fact that the uncontroverted evidence of both plaintiff and defendant conclusively established as a matter of law that plaintiff-appellee was not entitled to recover.

Appellant's successful defense to this suit rests entirely upon the soundness of its contention that the author of the letter of November 9, 1956, to J. D. Burch notifying him that none of the members of the partnership doing business as Burch Brothers were entitled to a $10,-000.00 policy, was acting as the agent of the insured and not of the insurance company at the time he wrote the letter.

This is not the law of Georgia. In that State the Cooperative Association was the agent of the insurance company and not of the insured. Joiner v. Metropolitan Life Ins. Co., 40 Ga.App. 740, 151 S.E. 540. See also Equitable Life Assur. Soc. v. Florence, 47 Ga.App. 711, 171 S.E. 317; Cason v. Aetna Life Insurance Company, 91 Ga.App. 323, 85 S.E.2d 568. See also Code of Georgia 1933, Section 56–501. Under no provision of the policy and under no other condition as disclosed by the record in this case did the employee of the Turpentine Cooperative Association have lawful authority to cancel out the insurance policy involved in this suit.

Upon examination of the record, the Court finds and holds that the evidence in the case fully supports the jury verdict and the judgment of the Court found thereon is correct and the same is hereby

Affirmed.